```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

**ZEPPORIAH EDMONDS**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 16-298**

**SERGEANT SIDNEY SMITH, ET AL.**                        **Section "B" (3)**

## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Rec. Doc. 18. Plaintiff, Zepporiah Edmonds, opposes Defendants' 12(b)(1) Motion. Rec. Doc. 24. Defendants also submitted a Reply to the Memorandum in Opposition. Rec. Doc. 30. Thereafter, both parties submitted Supplemental Memoranda regarding the Equal Employment Opportunity Commission's (EEOC) investigations and documentation. Rec. Doc. 35 and Rec. Doc. 36. For the reasons that follow,

**IT IS ORDERED** that the Motion is **GRANTED** in part and **DENIED** in part.

I.   **FACTS AND PROCEDURAL HISTORY**

Plaintiff filed an EEOC Charge of Discrimination on November 4, 2014. The two most relevant sections of the EEOC Charge of Discrimination in this case are the "Discrimination based on" section and the "Particulars" section. Rec. Doc. 35-2 at 2. In the

1

first section, there are specific types of discrimination that can be selected by marking boxes; the boxes checked off in this Charge were for "race", "age", and "retaliation". Rec. Doc. 35-2 at 2. The aggrieved party can describe the charges in more detail in the "Particulars" section. Rec. Doc. 35-2 at 2. In the relevant portion of the "Particulars" section, Plaintiff stated:

> Linda Copeland is allowed to create a hostile work environment by being disruptive, making inappropriate comments and being divisive in the workplace. [In] March 2014 I received an outstanding evaluation. In May 2014 after I submitted a written statement re: Linda's inappropriate comments and unprofessional behavior, I was issued a verbal warning. Also the retaliation and harassment began immediately. I have forwarded several emails to Director Jernigan re: Linda but to no avail. On one occasion after Linda became involved in a situation with my department I was told by Jernigan that Linda was acting under his direction. Additionally I was informed in writing by Director Jernigan and through verbal comments and emails by Linda that there was a sudden change in my job performance. Because I reported the inappropriate conduct of a white colleague and because I am a 31 year employee I am being subjected to a retaliatory and hostile work environment.

Rec. Doc. 35-2 at 2.

Plaintiff also submitted a second Charge of Discrimination on July 15, 2015. Rec. Doc. 18-2 at 2. In the "Discrimination based on" section, Plaintiff only marked off retaliation. Rec. Doc. 18-2 at 2. In the "Particulars" section, Plaintiff described more retaliation based on the previous Charge of Discrimination. Rec.

2

Doc. 18-2 at 2. The EEOC did not give a Notice of Right to Sue for this Charge of Discrimination.

The EEOC then sent a Notice of Right to Sue on October 13, 2015 regarding the first Charge of Discrimination. Rec. Doc. 35-1 at 1. Plaintiff claims that she received the letter on October 20, 2015. Rec. Doc. 24 at 15. Plaintiff then filed suit on January 12, 2016, alleging race and disability discrimination, along with hostile work environment, retaliation, whistleblower claims, wrongful termination, and other claims in tort. Rec. Doc. 1 at 2. Defendants filed the instant Motion to Dismiss claiming that this court does not have subject matter jurisdiction over claims not present in the Charge of Discrimination. Rec. Doc. 35.

**II.   CONTENTIONS OF THE MOVANT**

Defendants assert that this Court does not have subject matter jurisdiction over certain claims in the Complaint because the Plaintiff has not exhausted all administrative remedies. Rec. Doc. 35 at 1. In order to exhaust all administrative remedies, Defendants allege that all claims in the Complaint must also be within the scope of the claims on the EEOC Charge of Discrimination form that triggered the Notice of Right to Sue. Rec. Doc. 35 at 1. Defendants state that the first Charge of Discrimination has a race discrimination, age discrimination, and retaliation charge.

3

Rec. Doc. 35 at 2. The Complaint filed by Plaintiff alleges racial discrimination, hostile working environment, failure to accommodate or recognize the employee's disability, federal whistleblower claims, and wrongful termination. Rec. Doc. 18 at 1. Defendants concede that the racial discrimination claim in the Complaint is in the Notice of Right to Sue. Rec. Doc. 35 at 6. However, Defendants contend that Plaintiff has waived her right to sue regarding the age discrimination claim because it was not included in the Complaint within ninety days of receiving the Notice. Rec. Doc. 35 at 6. Defendants also contend that the Charge of Discrimination does not include the claims of hostile working environment, disability discrimination, whistleblower status, and wrongful termination. Accordingly, Defendants claim that all administrative remedies have not been exhausted for these claims and this Court does not have subject matter jurisdiction over them. Rec. Doc. 35 at 2.

### III. CONTENTIONS OF THE NON-MOVANT

The Plaintiff contends that this Court has subject matter jurisdiction over the age discrimination claim because it was part of the Charge of Discrimination that led to the Notice of Right to Sue. Rec. Doc. 36 at 1. The Plaintiff then claims that because the age discrimination and disability discrimination claims are "very

4

intertwined", this court also has jurisdiction over the disability discrimination claims. Rec. Doc. 36 at 2. Plaintiff contends that since the claims not on the EEOC Charge, such as the disability discrimination and whistleblower claims, arise from the "same witnesses, facts, circumstances and time periods" then this court has supplemental jurisdiction over these claims. Rec. Doc. 35 at 2-3. Plaintiff states that, if the subsequent claims require EEOC Charges, Notices of Rights to Sue, and additional Complaints, it would hinder judicial economy. Rec. Doc. 35 at 8.

### IV.  LAW AND ANALYSIS

Rule 12(b)(1) allows a party to challenge the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The district court can dismiss under 12(b)(1) based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts". *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court accepts as true all well-pleaded claims and views them in the light most favorable to the plaintiff. *American Waste and Pollution Control Co. v. Browning-Ferris, Inc.,* 949 F.2d 1384, 1386 (5th Cir. 1991). A court should only grant a motion to dismiss under 12(b)(1) if it appears certain that the plaintiff cannot prove any set of facts in support

5

of his claim that would entitle him to relief. *Home Builders Ass'n of Miss, Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998).

For a federal court to hear an employment discrimination claim, plaintiffs must exhaust administrative remedies by "fil[ing] a timely charge with the EEOC and receiv[ing] a statutory notice of right to sue". *Taylor v. Books A Million,* 296 F.3d 376, 378-379 (5th Cir. 2002). The EEOC and the related laws place "an emphasis on voluntary settlement of all issues without an action in the District Court." *Sanchez v. Standard Brands Inc.*, 431 F.2d 455, 467 (5th Cir. 1970) (citing *King v. Georgia Power Co.*, 295 F.Supp. 943, 947 (N.D. Ga. 1968).) The first step to this voluntary settlement is the Charge of Discrimination filed by the aggrieved party. 42 U.S.C. § 2000e-5(b). The EEOC will then begin an investigation related to the claims on the Charge. *Id.* The Notice of a Right to Sue is sent "[i]f a charge filed with the Commission . . . is dismissed by the Commission or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action . . ., or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party." 42 U.S.C. § 2000e-5(f)(1). The Notice of the Right to Sue is notice to the aggrieved party that within ninety days of

receipt of the notice "a civil action may be brought against the respondent named in the charge." *Id.*

The right to sue is based on the Charge of Discrimination. *Id.* In this case, the Notice of Right to Sue is only based on the first Charge of Discrimination, dated November 4, 2014. Rec. Doc. 35-1 at 2. There is no Notice of Right to Sue for the July 2015 Charge of Discrimination, so this Charge is not relevant to this case.

The Fifth Circuit has "decline[d] to hold that the failure to place a check mark in the correct box [on the Charge of Discrimination form is] a fatal error". *Sanchez,* 431 F.2d at 463. Because the intent of Title VII is "to protect equality of opportunity among all employees and prospective employees", this leads to "a large number of the charges . . . filed by ordinary people unschooled in the technicalities of the law." *Id.* at 463. (citing *King v. Ga. Power Co.*, 295 F. Supp. 943, 947 (N.D. Ga. 1968)). Therefore, the Court stated that "the crucial element of a charge of discrimination is the factual statement contained therein." *Id.* at 462. The court further diminished the importance of the technicalities of the Charge of Discrimination by explaining the importance of the EEOC investigation because "it is obvious that the civil action is much more intimately related to the EEOC

7

investigation than to the words on the charge." *Id.* at 466. So, "it is only logical to limit the permissible scope of the civil action to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.*

In this case, Plaintiff checked off "Race", "Age", and "Retaliation" in the November 2014 Charge of Discrimination. Rec. Doc. 35-2 at 2. Within the "Particulars" section, Plaintiff further alleged these claims but also included a claim for "hostile work environment". *Id.* It is clear that administrative remedies have been exhausted for the "race" and "retaliation" claims because they have been checked off and discussed in the "Particulars" section of the first Charge. Moreover, Defendants do not specifically challenge these claims. Rec. Doc. 18. Because Plaintiff stated "Linda Copeland is allowed to create a hostile work environment by being disruptive, making inappropriate comments and being divisive in the workplace", it is reasonable that the EEOC investigation would include the hostile work environment claim. Rec. Doc. 35-2 at 2. Therefore, the administrative remedies have been exhausted for that claim. *See Sanchez*, 431 F.2d at 455. Even though the administrative remedies for age discrimination might have been exhausted, it is important to note that it is not in the Complaint. Since Plaintiff did not file this claim in a civil action within ninety days of the Notice,

Plaintiff has lost the right to sue for age discrimination. 42 U.S.C. § 2000e-5(f).

Further, disability discrimination was not mentioned in the EEOC Charge. Without being in the Charge, it was not included in the Notice of Right to Sue. Consequently, Plaintiff has not exhausted administrative remedies for this claim. Rec. Doc. 35-2 at 2. Therefore, this court does not have jurisdiction over this claim and it should be dismissed.

The next issue is whether the whistleblower claim is valid. Under 42 U.S.C. § 2000e-3(a), "[i]t shall be an unlawful employment practice . . . to discriminate against any individual . . . because he opposed any practice made an unlawful employment practice by this subchapter." An EEOC Charge of Discrimination is not invariably required for a whistleblower claim.

The only portion of the "Particulars" section that might involve a whistleblower claim states: "In May 2014 after I submitted a written statement re: Linda's inappropriate comments and unprofessional behavior, I was issued a verbal warning." Rec. Doc. 35-2 at 2. She also went on to describe that the retaliation from Defendants began at this point. Rec. Doc. 35-2 at 2. This retaliation included Defendants documenting a "sudden change in [Plaintiff's] job performance" even though Plaintiff claims that

her performance remained consistent. Rec. Doc. 35-2 at 2.  In the Complaint the Plaintiff stated that the retaliation commenced because she "initiated reports to the Office of the Inspector General (OIG) regarding concerns of misconduct by some city officials." Rec. Doc. 1 at 7.

The facts provided do not support a whistleblower claim under the laws cited. The Plaintiff cites several federal laws in support for the whistleblower claim, namely, the federal whistleblower statute, 5 U.S.C. § 2302, Occupational Health and Safety Administration ("OSHA") regulations, and Department of Labor regulations. Rec. Doc. 1 at 2. The Federal Whistleblower Statute does not apply because Title 5 of the United States Code, which the federal whistleblower statute falls under, only applies to federal employees, and the Plaintiff is a city employee. 5 U.S.C. § 2105. The OSHA regulations do not apply because they are developed to prevent retaliation when an employee presents information showing unhealthy or unsafe practices in a specific field.[1] The Plaintiff was not reporting anything that was unhealthy or unsafe, just alleged misconduct. Rec. Doc. 1 at 7. Under the Department of Labor's regulations, the primary whistleblower law

---

[1] Plaintiff's Complaint was unclear regarding which OSHA laws applied to this case. No OSHA regulations were directly pertinent to this case. Some examples of OSHA regulations include 49 U.S.C. § 42121 (airplane safety), 33 U.S.C. § 1367 (water pollution), and 42 U.S.C. § 7622 (air pollution).

is the Sarbanes-Oxley Act. 18 U.S.C. § 1514A(a). This law only protects employees of publicly traded companies. *Id.* The Plaintiff is a city employee. Therefore, none of the Federal laws apply.

Since none of the federal laws offered by the Plaintiff support a whistleblower claim, the only other option would be a state whistleblower claim. The state whistleblower statute is Louisiana Statutes Annotated § 23:967. "For an employee to establish a claim under La. R.S. § 23:967, she must prove that her employer committed an actual violation of state law." *Goulas v. LaGreca,* 945 F.Supp. 2d 693, 702 (E.D. La. 2013) (citing *Stevenson v. Williamson,* 547 F.Supp. 2d 544, 558 (M.D. La. 2008)). This violation must be of a state statute. *See Hale v. Touro Infirmary,* 2004-0003 (La. App. 4 Cir. 11/3/04); 886 So.2d 1210, 1216. Here, Plaintiff only describes "violations of city policy, possible ethics violations, and the blatant disregard of Executive Order MJL 10-05: Professional Services Contract Reforming." Rec. Doc. 1 at 7.  None of these are state laws, so the state whistleblower statute does not apply. Therefore, Plaintiff has failed to state a valid whistleblower claim.

The next issue is Plaintiff's wrongful termination claim. This claim, although present in the Complaint, is not within the first EEOC Charge. Rec. Doc. 35-2 at 2. Since it is not directly

in the Charge, the only way that the court can have jurisdiction over the claim is if it can come from the "EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Sanchez,* 431 F.2d at 466. In this case, based on the first EEOC Charge, it is highly unlikely that the EEOC investigation would involve wrongful termination because Plaintiff was not terminated at the time the charge was filed. Accordingly, this claim should be dismissed without prejudice, pending a subsequent EEOC Charge and Notice of Right to Sue based on a claim for wrongful termination.

**V.    CONCLUSION**

**IT IS ORDERED** that Defendants' Motion to Dismiss is **GRANTED** with respect to the disability, age, whistleblower, and wrongful termination claims, which are **DISMISSED WITHOUT PREJUDICE.** The Motion is **DENIED** in all other respects.

New Orleans, Louisiana, this 27th day of July, 2016.

                                                    _____
                                                    SENIOR UNITED STATES DISTRICT JUDGE