```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**ZEPPORIAH EDMONDS**                                        **CIVIL ACTION**

**VERSUS**                                                    **NO. 16-298**

**NEW ORLEANS CITY, ET AL.**                                  **SECTION "B"(3)**

## ORDER AND REASONS

Before the Court is "Plaintiff's Rule 59(a)(1)(B) Motion for New Trial of the Defendants' Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction." Rec. Doc. 39. Defendants filed an opposition. Rec. Doc. 40. For the reasons discussed below,

**IT IS ORDERED** that the motion is **DENIED**.

As previously discussed by this Court, Plaintiff filed an EEOC "Charge of Discrimination" on November 4, 2014, alleging discrimination based on race, age, and retaliation. Rec. Doc. 35-2 at 2. In the complaint, Plaintiff stated:

> Linda Copeland is allowed to create a hostile work environment by being disruptive, making inappropriate comments and being divisive in the workplace. March 2014 I received an outstanding evaluation. In May 2014 after I submitted a written statement re: Linda's inappropriate comments and unprofessional behavior, I was issued a verbal warning. Also the retaliation and harassment began immediately. I have forwarded several emails to Director Jernigan re: Linda but to no avail. On one occasion after Linda became involved in a situation with my department I was told by Jernigan that Linda was acting under his direction. Additionally I was informed in writing by Director Jernigan and through verbal comments and emails by Linda that there is a sudden change in my job performance. Because I reported the inappropriate conduct of a white colleague and because I am a 31 year employee I am being subjected to a retaliatory and hostile work environment.

*Id.* On October 13, 2015, the EEOC sent a "Notice of Right to Sue" to Plaintiff regarding her first, November 4, 2014, "Charge of Discrimination." Rec. Doc. 35-1 at 1. On January 12, 2016, Plaintiff filed suit, alleging race and disability discrimination, as well as hostile work environment, retaliation, whistleblower, wrongful termination, and various tort claims. Rec. Doc. 1 at 2.

Defendants subsequently filed a motion to dismiss several of those claims for lack of subject matter jurisdiction. Rec. Doc. 18. Plaintiff opposed the motion (Rec. Doc. 24), Defendants submitted a reply memorandum (Rec. Doc. 30), and both parties filed supplemental memoranda (Rec. Docs. 35, 36).

Plaintiff's instant motion concerns this Court's July 27, 2016 order dismissing her disability, age, whistleblower, and wrongful termination claims. Rec. Doc. 38. In our earlier order, we found that Plaintiff's disability discrimination and wrongful termination claims were improperly before this Court because Plaintiff had not included the claims in her EEOC charge and therefore had not exhausted her administrative remedies (*id.* at 9, 11-12);[1] her age discrimination claim was dismissed because it was not included in the Complaint and not otherwise filed in a civil action within ninety days of the notice of the right to sue (*id.*

---

[1] Her wrongful termination claim could not have been alleged in her EEOC charge, because Plaintiff was still employed at the time the charge was filed.

2

at 8-9); finally, her whistleblower claim was dismissed because the facts enumerated by Plaintiff did not entitle her to relief under any applicable whistleblower statute (*id.* at 9-11).

On August 22, 2016, Plaintiff filed the instant motion. Rec. Doc. 39.[2]

Plaintiff argues that the dismissed claims should be maintained as related state law claims. Rec. Doc. 39-1 at 2. Specifically, Plaintiff claims that her age, disability, and wrongful termination claims should be maintained pursuant to this Court's "pendent jurisdiction." *Id.* at 3. Plaintiff conclusively states that "[i]t is against the laws of the State of Louisiana to allow" age discrimination, disability, and wrongful termination. *Id.* at 4. Plaintiff then "respectfully requests leave of Court to amend thi[s] Federal lawsuit herein to fully delineate and explain these claims, and, have them included as part of this lawsuit via pendant and ancillary jurisdiction." *Id.* To support her request, Plaintiff cites to various paragraphs in the complaint in which she alleged violations of "all other applicable . . . pendant state laws . . . ." *Id.* at 4-7 (citing Rec. Doc. 1 at 1-2, 17-18, 21). It is unclear, but based on subsequent language in her memorandum, it appears that Plaintiff only wishes to include the claims as supplemental state law claims until the EEOC provides "Right to

---

[2] Even though the motion is styled as a motion for a new trial, this Court will analyze it as though it was a motion filed for reconsideration under Federal Rule of Civil Procedure 59(e).

Sue" notices for those claims—at which time Plaintiff will seek to amend the complaint to include the claims under applicable federal laws.[3] Plaintiff further seeks leave to amend her complaint to include age discrimination, noting that her failure to include it in her complaint was "an oversight." *Id.* at 7.[4]

Defendants essentially argue that Plaintiff's motion is "procedurally and substantively improper," "simply ignores this Court's detailed analysis and ruling," and is generally "without merit." Rec. Doc. 40 at 1-2.

"The Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration." *Jenkins v. Bristol-Myers Squibb*, No. 14-2499, 2016 WL 5874984, at *5 (E.D. La. Oct. 7, 2016) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)). Nonetheless, "[a] motion asking that the court reconsider a prior ruling is evaluated either as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) or as a motion for relief from a final judgment, order or

---

[3] Plaintiff explains that she "has filed additional EEOC Complaints alleging the additional claims under federal law for Age Discrimination, Disability, and Wrongful Termination, and will seek leave to amend her petition here first, to make these claims pendant jurisdiction State Law Claims until such time as the EEOC issues it's [sic] 'Right to Sue' letters based upon the additional more recent EEOC Complaints aga9inst [sic] these same defendants, therefore amending her larger federal complaint to include these claims of Age Discrimination, Disability, and Wrongful Termination as Federal claims properly pursued through the slow, laggard EEOC Complaint process and administrative remedy process." Rec. Doc. 39-1 at 8.

[4] Plaintiff does not mention the dismissed whistleblower claim; it must therefore be presumed that Plaintiff does not move for reconsideration of this Court's dismissal of that claim.

proceeding under Federal Rule of Civil Procedure 60(b)." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 07-1873, 2011 WL 6130788, at *3 (E.D. La. Dec. 7, 2011) (internal quotation marks omitted). The determination of which rule applies turns on the timing of the motion. *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). "If the motion was filed within twenty-eight days after the entry of the judgment or order at issue, the motion can be brought under Rule 59(e). If it is filed after that time, it falls under Rule 60(b)." *In re FEMA*, 2011 WL 6130788 at * 3 (internal citations omitted).

Here, the order at issue was filed on July 27, 2016 (Rec. Doc. 38) and Plaintiff's motion was filed on August 22, 2016 (Rec. Doc. 39). Plaintiff filed her motion within 30 days of entry of the order and styled it as a motion for new trial under Rule 59. Rec. Doc. 39. Accordingly, Plaintiff's motion falls under Rule 59(e) of the Federal Rules of Civil Procedure.

A motion for reconsideration under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal citations and quotation marks omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*,

5

367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F. Supp. 2d 463, (E.D. La. 2000)). Accordingly, "[d]istrict courts have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment.'" *Jenkins*, 2016 WL 5874984, at *5 (quoting *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)).

Here, Plaintiff's memorandum in support of her motion would be better characterized as a request for leave to amend her complaint. Plaintiff cites no manifest error of law or fact, intervening change in the controlling law, or previously unavailable evidence, nor does she show that reconsideration is necessary to prevent injustice. *Jenkins*, 2016 WL 5874984, at *5 (citing *Harcon Barge Co., Inc. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986), *cert. denied*, 479 U.S. 930 (1986)). After considering Plaintiff's motion and supporting memorandum, this Court finds that she is not entitled to reconsideration of this Court's July 27, 2016 order dismissing several of her claims.

Furthermore, under Federal Rule of Civil Procedure 15(a), Plaintiff could have amended her complaint within 21 days after serving it or after service of Defendants' 12(b)(1) motion. Fed. R. Civ. P. 15(a)(1)(A)-(B). Otherwise, Plaintiff must obtain Defendants' consent or leave of court to amend her complaint. Fed. R. Civ. P. 15(a)(2). "Rule 15(a) requires a trial court 'to grant leave to amend 'freely,' and the language of this rule 'evinces a

6

bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). "Leave to amend is by no means automatic, but is within the sound discretion of the trial court." *JNP Enters., LLC v. Patterson Structural Moving & Shoring LLC*, No. 13-4684, 2014 WL 949402, at *2 (E.D. La. March 11, 2014) (citing *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)). In deciding whether to grant leave to amend, this Court may consider various factors "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Id.* (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

Here, Defendants have not briefed the Court on the propriety of allowing Plaintiff to amend her complaint, but this Court finds that Plaintiff was previously given several opportunities to request leave to amend. She could have amended her complaint within 21 days after service of her complaint or service of Defendants' 12(b)(1) motion; she also could have requested leave to amend in the memoranda she filed in opposition to Defendants' 12(b)(1) motion (Rec. Docs. 24, 36). Plus, an amendment would likely be futile. An amendment is futile if "the amended complaint would

7

fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). Even though Plaintiff argues that her claims arise under state law, she at no point in her memorandum cites to any applicable Louisiana law. Thus, to the extent that Plaintiff requested leave to amend in her memorandum in support of her motion "for new trial," this Court is not inclined to grant such leave. Moreover, we decline supplemental jurisdiction over any state law claims.

New Orleans, Louisiana, this 27th day of October, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE