# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF THE STATE OF LOUISIANA

**Zepporiah Edmonds**

**CIVIL ACTION  No.    16  cv  00298**

**VERSUS**

**JUDGE:            LeMelle**

**City of New Orleans,**
**Mark D. Jernigan and**
**Linda Copeland**

**MAGISTRATE:**

### Plaintiff Zepporiah Edmonds' Memorandum in Support of Her Motion to Reopen Previously Dismissed Case Pursuant to Court Orders of October 18, 2017, Rec. Doc. 112, with Related Request for Leave to Supplement the Record with attached Decisions of State Court and Civil Service Commission as Instructed by This Court

Now Into Court comes Plaintiff, ZEPPORIAH EDMONDS ("Petitioner"), who files her Memorandum in Support of her Motion to Reopen her Previously Dismissed Case, Numbered Above, Pursuant to Court Orders of October 18, 2017, Rec. Doc. 112, which instructed Petitioner to file this Motion to Reopen Case AFTER the conclusion of all state court proceedings, with Related Request for Leave to Supplement the Record with attached Decisions of State Court and Civil Service Commission as Instructed by This Court

1

More specifically, this Court ordered in Rec. Doc. 112 that :

"**A motion to reopen the case shall be filed within thirty (30) days after a final decision from the Louisiana Supreme Court in the related state court proceedings or the expiration of time to file a writ with the Louisiana Supreme Court, whichever is later.** If Plaintiff files a motion to reopen, Plaintiff must simultaneously reurge the motion to reconsider. The motion to reurge must be supplemented with (1) a proposed amended complaint that addresses the deficiencies, such as conclusory allegations, that the Court has previously found; and (2) the final decisions of any state appellate bodies that reviewed Plaintiff's related state case."

Rec. Doc. 112, page 2.

By rule, the defendants  CITY of NEW ORLEANS, et al, had a delay of thirty (30) days – or until January 4, 2019 - from which to file an appeal or Writ of Certiorari to the Louisiana State Supreme Court, or, to have requested a rehearing of the Fourth Circuit Court of Appeal's decision of December 5, 2018.  (Louisiana Supreme Court Rule X, Section 5, Louisiana Code of Civil Procedure article 2166). Inquiries to the Louisiana State Supreme Court, to the Fourth Circuit Court of Appeal and in addition several unresponded to telephone calls to defendants' counsel reveal no activity or even comment on the defendants CITY of NEW ORLEANS' behalf in seeking an appeal or rehearing of the December 5, 2018 holding of the Fourth Circuit Court of Appeal.

Therefore, as reading this Court's orders of October 18, 2017, the Petitioner has until February 3, 2019 – a Sunday – in which to file her Motion to Reopen this matter as well as all required accompanying pleadings, as the date of February 3, 2019 is exactly 30 days AFTER the expiration of the deadline for the defendants to appeal the pertinent Fourth Circuit holding and decision.

**PROCEDURAL BACKGROUND**

Petitionerv Zepporiah Edmonds was a long-time employee of the City of New Orleans ("the City") Department of Public Works ("DPW"). In 2006, Ms. Edmonds was promoted to the classified position of Parking Administrator, and held that position at all times relevant to the instant appeals. In September and October of 2015, Ms. Edmonds filed two appeals with the City's Civil Service Commission ("the Commission"). The first appeal was filed in response to a letter concerning a pretermination hearing, and the second was filed in response to a notice of emergency suspension.

On January 11, 2016, Ms. Edmonds was terminated by DPW's Director, Colonel Mark Jernigan. DPW alleged four bases for her termination. However, these appeals concern only one basis, that being her alleged failure to cooperate with an investigation initiated by the City's Office of the Inspector General ("OIG"). Ms. Edmonds also appealed her termination to the Commission in February of 2016. A Hearing Examiner for the Commission heard testimony over a period of nine (9) days between April 21,

2016, and March 13, 2017. On August 2, 2017, the  Hearing Examiner rendered a written report concluding "that the DPW failed to prove by a preponderance of evidence that [Ms. Edmonds'] emergency suspension and termination were for cause."

On September 5, 2017, the Commission rendered its decision finding that Ms. Edmonds "did engage in misconduct" regarding the OIG investigation, but that "such misconduct did not warrant termination." (see attached Exhibit #1) However, the Commission found "[t]here was nothing in the record to assist the Commission in determining what an appropriate level of discipline would be in the matter now before us." The Commission therefore remanded the matter back to the hearing examiner to determine the appropriate level of discipline. Upon remand, a hearing was conducted and the Hearing Examiner issued a report, describing the parties as having provided "no assistance whatsoever in determining what the appropriate level of discipline should be in accordance with the Commission's mandate." A review of the hearing transcript indicates that the parties did indeed simply rehash the merits of their cases, though DPW suggested a 166-day suspension would be appropriate, along with demotion. However, the Hearing Examiner concluded that an appropriate penalty could be recommended based on the record and his personal experience, with reference to the New Orleans Police Department Penalty Matrix, the Hearing Examiner accordingly recommended a one-day suspension.

On November 16, 2017, the Commission rendered a 2-1 decision (See attached Exhibit #2). The majority declined to follow the recommendation of the hearing

examiner. However, the Commission agreed several mitigating factors existed, to wit: a lack of prior discipline during Ms. Edmond's thirty-two (32) year career at DPW; her prior cooperation with OIG investigations; her "serious personal illness;" and indications that she had been "overwhelmed" by her workload during the relevant period. Nonetheless, the Commission reaffirmed its position that Ms. Edmonds' engaged in "serious misconduct" and accordingly found "involuntary demotion to a lower classification" to be an appropriate penalty. The Commission ordered DPW to reinstate Ms. Edmonds to the position of Assistant Parking Administrator "at a step that would result in no greater than a $3,000/yr. reduction in salary." The Commission reasoned that such reduction would be equivalent to a sixty-day unpaid suspension. DPW was also instructed to remit all back pay and emoluments consistent with her reclassification dating back to January 11, 2016. The dissenting commissioner would have simply imposed a sixty-day unpaid suspension.

Both Petitioner and DPW  then appealed the decisions of the Commission. Specifically,  Petitioner seeks review of the Commission's September 5, 2017 decision finding she engaged in misconduct warranting discipline with respect to the OIG investigation, arguing the Commission "manifestly erred" in making several findings. She further appeals her demotion, arguing such discipline is not commensurate with the conduct in question. DPW also appeals the Commission's decision regarding Ms. Edmonds' discipline, DPW suggesting that its decision to terminate was indeed

warranted.   Petitioner also appeals the Commission's denials of her motions to reconsider its decisions.

On December 5, 2018 the Fourth Circuit Court of Appeal three-judge panel ruled unanimously that the Commission committed "manifest error" and reversed the Involuntary Demotion of your Petitioner (see attached Exhibit #3 and concurring opinion , Exhibit #3A), holding that:

> "we agree with the Commission's finding that termination was not appropriate under the circumstances. However, we find that the Commission manifestly erred in finding that DPW proved by a preponderance of the evidence that Ms. Edmonds engaged in any activity or conduct detrimental to the efficient operation of DPW. Accordingly, we additionally find the imposition of any discipline unjustified." ….
> Accordingly, we find that the Commission correctly reversed the DPW's termination of Ms. Edmonds, but abused its discretion in assessing discipline in the form of a demotion. The Commission manifestly erred in finding that Ms.Edmonds' engaged in any conduct that was detrimental to the efficient operation of the DPW.
>
> Fourth Circuit holding of December 5, 2018,
> (Pages  11 and 16, attached Exhibit #3).

Again, as per the reading this Court's orders of October 18, 2017, the Petitioner has until February 3, 2019 – a Sunday – in which to file her Motion to Reopen this matter as well as all required accompanying pleadings, as the date of February 3, 2019

is exactly 30 days AFTER the expiration of the deadline for the defendants to appeal the pertinent Fourth Circuit holding and decision. Petitioner files her required motions and accompanying items within that deadline seeking to re-instate her lawsuit and to pursue all legitimate claims herein.

Respectfully submitted,

*Dominic N. Varrecchio*

_____
Dominic N. Varrecchio (# 19456)
300 Lafayette Street, Suite 103
New Orleans,  LA  70130
Telephone:  (504) 524-8600
Email: knic55@cox.net
*Attorney for Plaintiff Zepporiah Edmonds*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all parties and/or their counsel by the LAED-CM-ECF electronic filing system for the United States District Court, and/or via facsimile and/or hand delivery and/or by placing same in the U.S. Mail postage pre-paid and properly addressed this 3rd day of February, 2019.

*Dominic N. Varrecchio*

_____
DOMINIC N. VARRECCHIO