# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF THE STATE OF LOUISIANA

| | | |
|---|---|---|
| **Zepporiah Edmonds** | CIVIL ACTION  No. | 16  cv  00298 |
| **VERSUS** | JUDGE: | Lemelle |
| **City of New Orleans, Mark D. Jernigan and Linda Copeland** | MAGISTRATE: | |

### Plaintiff's Updated Rule 59 (a)(1)(B) Motion For New Trial and combined Rule 60 Motion for Relief from Judgment or Order, seeking reconsideration, review, relief and reversal of this Court's June 19, 2017 ruling dismissing all claims of Plaintiff versus all Defendants via Judgment in Favor of said Defendants, Court Judgment Docs 85 and 86 this Record, filed here Pursuant to Court Orders of October 18, 2017, Rec. Doc. 112, as well this Court more recent orders per Rec. Doc. 128

Now Into Court comes Plaintiff, ZEPPORIAH EDMONDS, who files her Plaintiff's Rule 59 (a)(1)(B) Motion For New Trial and combined Rule 60 Motion for Relief from Judgment or Order, seeking reconsideration, review, relief and reversal of this Court's June 19, 2017 ruling dismissing all claims of Plaintiff versus all Defendants via Judgment in favor of said Defendants.

This motion is filed pursuant to Court Orders of October 18, 2017, Rec. Doc. 112, as well as this Court's more recent Orders, per Rec. Doc. 128.  The Procedural

1

History of the state court proceedings, now exhausted - less certain State Tort Claims and Whistleblower Claims remaining in State Court and previously, specifically severed from this matter by this Court's previous orders, are as follows:

1. In the period since directed by this Court on October 18, 2017, Rec. Doc. 112 to file these motions upon completion of state law proceedings, Petitioner's Appeal of her Termination was heard and ruled upon by the City of New Orleans Civil Service Commission. A Hearing Examiner for the Commission heard testimony over a period of nine (9) days between April 21, 2016, and March 13, 2017. On August 2, 2017, the Hearing Examiner rendered a written report concluding "that the DPW failed to prove by a preponderance of evidence that [Ms. Edmonds'] emergency suspension and termination were for cause."

2. On September 5, 2017, the Commission rendered its decision finding that Ms. Edmonds "did engage in misconduct" regarding the OIG investigation, but that "such misconduct did not warrant termination." (see related Motion to Re-Open Case, attached Exhibit #1) The Commission therefore remanded the matter back to the hearing examiner to determine the appropriate level of discipline. The Hearing Examiner then concluded that an appropriate penalty could be recommended based on the record and his personal experience, with reference to the New Orleans Police Department Penalty Matrix, the Hearing Examiner accordingly recommended the Petitioner be assessed a one-day suspension.

3. It is worth noting that the City of New Orleans Civil Service Commissioners deciding the Petitioner's Appeal of her Termination from employment was decided and signed in mid-August, 2017, but that the Civil Service Commission did not release

2

that decision until September 5, 2017, during the very hours that this Court had ordered the Petitioner and Counsel to provide a very detailed and exhaustive memorandum and attachments to This Court in deciding the Petitioner's original submission and hearing of her 2017-filed Rules 59-60 Motion to Reconsider. The Civil Service Commission – adjunct to the defendant CITY OF NEW ORLEANS and the then-Landrieu Administration – held back the Commission's October, 2017 decision favoring the Petitioner and revealing the "causes" alleged for the Petitioner's Termination as specious and baseless until AFTER the Petitioner's Memorandum was due filed with this Court.

4. On November 16, 2017, the Commission then rendered a second 2-1 decision (See related Motion to Re-Open Case, attached Exhibit #2). The majority declined to follow the recommendation of the hearing examiner. However, the Commission agreed several mitigating factors existed, to wit: a lack of prior discipline during Ms. Edmond's thirty-two (32) year career at DPW; her prior cooperation with OIG investigations; her "serious personal illness;" and indications that she had been "overwhelmed" by her workload during the relevant period. Nonetheless, the Commission reaffirmed its position that Ms. Edmonds' engaged in "serious misconduct" and accordingly found "involuntary demotion to a lower classification" to be an appropriate penalty. The Commission ordered DPW to reinstate Ms. Edmonds to the position of Assistant Parking Administrator "at a step that would result in no greater than a $3,000/yr. reduction in salary."

5. Both Petitioner and DPW  then appealed the decisions of the Commission. Specifically,  Petitioner sought a review of the Commission's September 5, 2017

decision finding she engaged in misconduct warranting discipline with respect to the OIG investigation, arguing the Commission "manifestly erred" in making several findings. She further appealed her demotion, arguing such discipline is not commensurate with the conduct in question. DPW also appeals the Commission's decision regarding Ms. Edmonds' discipline, DPW suggesting that its decision to terminate was indeed warranted.  Petitioner also appealed the Commission's denials of her motions to reconsider its decisions.

6. On December 5, 2018 the Fourth Circuit Court of Appeal three-judge panel ruled unanimously in your Petitioner's favor, holding that the Commission had committed "manifest error" and reversed the Involuntary Demotion of your Petitioner, specifically holding that:

> "we agree with the Commission's finding that termination was not appropriate under the circumstances. However, we find that the Commission manifestly erred in finding that DPW proved by a preponderance of the evidence that Ms. Edmonds engaged in any activity or conduct detrimental to the efficient operation of DPW. Accordingly, we additionally find the imposition of any discipline unjustified." ….
> Accordingly, we find that the Commission correctly reversed the DPW's termination of Ms. Edmonds, but abused its discretion in assessing discipline in the form of a demotion. The Commission manifestly erred in finding that Ms.Edmonds' engaged in any conduct that was detrimental to the efficient operation of the DPW.
>
> Fourth Circuit holding of December 5, 2018,
> (Pages  11 and 16, attached Motion to Re-Open Case, Exhibit #3).

4

The Petitioner has prevailed in her Civil Service Appeal of her Termination, and in seeking be restored to her previous position of employment as Parking Administrator within the Department of Public Works, employed by the City of New Orleans. However, venue of a Civil Service Appeal limits by law the to a very narrow recovery of lost wages in the form of back pay, and restoration of her position, no matter how abusive and discriminatory her Termination and Harassment and Hostile Work Environment amounted to.  Any recovery of General Damages, general damages recovery, special damages beyond back pay owed, attorney's fees and other damages must be recovered here, through Court litigation, and the Petitioner respectfully prays this Court find that pursuant to federal law, the Petitioner has properly stated viable, recoverable claims, and that this Court find there exist adequately stated claims justifying this matter going forward to trial or compromise herein.

    Respectfully submitted,

*Dominic N. Varrecchio*
_____
Dominic N. Varrecchio (# 19456)
300 Lafayette Street, Suite 103
New Orleans,  LA  70130
Telephone:  (504) 524-8600
Email: knic55@cox.net
*Attorney for Plaintiff Zepporiah Edmonds*

5

**CERTIFICATE OF SERVICE**

  I certify that a copy of the above and foregoing has been served upon counsel for all parties via the USDC Court Electronic Filing System, this 8th day of March, 2019.

*Dominic N. Varrecchio*

_____
DOMINIC N. VARRECCHIO